IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVIE HARDY,                )
                             )
        Plaintiff,            )
                             )
    v.                       )   No. 03 C 7894
                             )   Paul E. Plunkett, Senior Judge
JOHN E. POTTER, POSTMASTER    )
GENERAL, UNITED STATES POSTAL )
SERVICE,                      )
                             )
        Defendant.            )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Federal Rule of Civil Procedure ("Rule") 59 motion for reconsideration. Stevie Hardy ("Plaintiff") asserts that the Court should reconsider its ruling because he now presents newly discovered evidence that was in existence at the time summary judgment was entered, but was not presented to the Court. For the following reasons, Plaintiff's motion is denied.

### Background

Plaintiff sued John E. Potter, postmaster general of the United States Postal Service ("Defendant"), for his alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Hardy claims he was discriminated against because of his race -- a light-skinned African American. Hardy admitted that throughout his employment, he incurred a significant number of unscheduled absences that justifiably resulted in disciplinary action. However, his

1

contention was that he was punished in ways that other Caucasian or dark-skinned African-American employees were not.

To prove his racial discrimination claim, Hardy must have first established a prima facie case of discrimination. *Chiaramonte v. Fashion Bed Group*, 129 F.3d 391, 396 (7th Cir. 1997) (citations omitted). To do so, he needed to show through admissible evidence that: (1) he is a member of a protected class; (2) he was meeting his employer's legitimate employment expectations; (3) he suffered an adverse employment action; and (4) similarly situated individuals who are not in his protected class were treated more favorably. *Gordon v. United Airlines, Inc.*, 246 F.3d 878, 885-86 (7th Cir. 2001) (citing *McDonnell Douglas*, 411 U.S. at 801). This burden to prove discrimination always remains with the plaintiff. *See Sattar v. Motorola*, 138 F.3d 1164, 1169 (7th Cir. 1998). The McDonnell Douglas analysis continues only after a plaintiff has successfully made this initial showing. *See generally McDonnell Douglas*, 411 U.S. at 801.

Defendant filed a Federal Rule of Civil Procedure 56 ("Rule") motion for summary judgment claiming there were no disputed facts as to elements three and four of Hardy's prima facie case. After careful review, on August 22, 2005, this Court granted Defendant's motion for summary judgment because Hardy failed to establish that he suffered from an adverse action and that he was similarly situated employees were not treated more favorably for the same violations.

On September 6, 2005, Plaintiff asked this Court to alter or amend its August 22, 2005 ruling in part pursuant to Fed. R. Civ. P. 59(e). Hardy claims that he offers "newly discovered evidence," which should prompt this Court to alter its August 22, 2005 ruling as to the adverse employment prong. Specifically, Plaintiff submits a letter dated July 12, 2005, that denies him a transfer to another post office because of his "unacceptable attendance and live discipline records." (Pl's Mot.

Rec. at 5.) Plaintiff claims that the denial of his transfer request rises to the level of an adverse employment action as contemplated under the anti-discrimination statute.

## Legal Standard

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change of law. *Cosgrove v. Bartolotta*, 150 F. 3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made a an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp.2d 943, 945 (N.D. Ill. 2001), (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Circ. 1990). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

The purpose of a Rule 59(e) motion is to allow "the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). A party is thus invited to "direct the district court's attention to newly discovered evidence or a manifest error of law or fact." *Id.* To be considered, this newly discovered evidence must have been in existence at the time of trial. *Peacock v. Bd. of School Comm'rs*, 721 F.2d 210, 214 (7th Cir. 1983). Furthermore, the new information may be considered only if it could not have been presented prior to the final disposition of the case. *Bordelon v. Chicago School Reform Bd. of Trustees*, 233

3

F.3d 524, 529 (7th Cir. 2000). In a summary judgment context, "time of trial" has been interpreted as before or at the time that judgment was entered. *Canady v. Erbe Elektromedizin GmbH*, 99 F. Supp. 2d 37, 44 (D.D.C. 2000). The motion is not, however, a vehicle for rehashing old arguments already decided by the court prior to issuing its order. *Schmude v. Sheahan*, 318 F. Supp. 2d 606, 654 (N.D. Ill. 2004). Furthermore, "[w]hether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court." *Id.* (quoting *Matter of Prince*, 85 F.3d 314, 324 (7th Cir.1996)).

## **Discussion**

Plaintiff brings a timely motion to alter or amend judgment pursuant to Rule 59(e). Plaintiff contends that he can present newly discovered evidence that was in existence at the time of judgment but could not have been previously presented to the Court which consisted of a letter dated July 12, 2005, that denies him a transfer to another post office because of his "unacceptable attendance and live discipline records." (Pl's Mot. Rec. at 5.) Plaintiff claims that this evidence, as dated, was in existence at the time of judgment, but he was unable to present it to the court prior to judgment. Plaintiff avers that he was unable to present the information to this Court prior to August 22, 2005, almost six weeks after the letter was written, because his counsel was investigating the merits of the letter and then subsequently was unavailable due to vacation and illness. Furthermore, Plaintiff claims that this letter denying his transfer request rises to the level of an adverse employment action as contemplated under the anti-discrimination statute, and this Court should amend its ruling accordingly.

4

Defendant argues that Plaintiff had ample opportunity to inform the Court of the July 12, 2005 letter issued by the North Carolina postal facility and reconsideration is not appropriate. Furthermore, Defendant contends that Plaintiff should have presented the letter to the Court instead of investigating its merits because the information provided in the letter should not have required an investigation as it contains facts that Plaintiff already conceded. Furthermore, Defendant asserts that even if this Court were to reconsider, the letter is irrelevant and does not impact the Court's prior analysis.

Initially, our task here is not to consider whether merits of the newly discovered evidence would impact this Court's decision. Rather, we must first discern whether the evidence was in existence at the time of judgement and whether it could not have been previously presented to the Court. Plaintiff received the letter dated July 12, 2005, presumably, sometime in mid-July. Plaintiff informed counsel of the letter, but counsel chose not to bring it to the Court's attention, but instead chose to investigate the merits of the letter. Counsel then proceeded to sit on the letter from mid-July until the first day of his two-week vacation, August 2, 2005, all the while knowing that the briefing had been completed and that this Court was preparing a decision on the matter. Counsel avers that due to his unforeseen illness after the completion of his vacation, he was unable to bring the letter to this Court's attention in two days that remained between the end of his vacation and the scheduled ruling date of August 18, 2005. Even if Plaintiff's counsel had not fallen ill, waiting to present the information to the Court until after his vacation made it virtually impossible to present the information to the Court prior to the ruling. Although counsel claims he was investigating the merits of letter, he should have been cognizant of this time restraint between his return from vacation and the ruling date and should have presented the information to the Court earlier. Rule 59 (e) "does not

provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d 872, 876 (7th Cir. 1996). Furthermore, we are not at a loss to understand just exactly what investigation was needed. The letter is clear on its face and certainly standing alone could have been presented to show an adverse employment action. Thus, we need not address the issue. We are uncertain as to whether a decision by an employer not to permit a transfer to another facility in the same position or the same pay even qualifies as an adverse action. In any event, we held that Plaintiff's procedural failure prevents us from considering the letter available weeks before this Court's ruling.

## Conclusion

For the foregoing reasons, Plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) is denied. This is a final and appealable order.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: NOV 7 – 2005